UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEALED

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THEODOROS SHIM,

        Defendant.

Case No. 18-CR-**18-CR-149**

[18 U.S.C. §§ 1343 and 2314]
Green Bay Division

---

## INDICTMENT

---

### THE GRAND JURY CHARGES:

1.    Beginning in approximately December 2016 and continuing thereafter until August 2017, in the State and Eastern District of Wisconsin, and elsewhere,

### THEODOROS SHIM

devised and carried out a scheme to defraud Church A, and to obtain money from it by means of materially false and fraudulent pretenses (the "scheme"), which scheme is more fully described below.

2.    At all times material to this indictment:

    a.    Church A, a non-profit organization, operated in Menasha, in the State and Eastern District of Wisconsin.

    b.    Church A maintained bank accounts at Capital Credit Union ("Capital"), Old National Bank ("National"), and Nicolet National Bank ("Nicolet")

1

from which Theodoros Shim ("Shim") unlawfully withdrew funds for private gain.

    c.    Shim resided in Wisconsin and Colorado serving as a financial manager for Church A.

    d.    Shim maintained a bank account at Wells Fargo Bank ("Wells") that he used to deposit funds belonging to Church A.

### The Scheme to Defraud

3.    Shim's scheme to defraud and to obtain money by means of materially false and fraudulent pretenses and representations was essentially as follows:

    a.    Shim persuaded Church A to appoint him financial manager and grant him access to Church A bank accounts.

    b.    Shim then misappropriated Church A's money by (1) transferring funds from Capital to his Wells account; (2) writing checks to himself from the Nicolet and National accounts and depositing them into his Wells account; and (3) withdrawing Church A funds in the form of a cashier's check from its National account and depositing them into his Wells account.

    c.    Shim used Church A funds to pay personal expenses including credit card bills and make cash advances to himself.

4.    As a result of the scheme, Shim fraudulently obtained funds in excess of $250,000, which he converted to his personal use.

### Executions of Scheme

2

5.      On or about the dates indicated below, in the State and Eastern District of
Wisconsin, and elsewhere,

**THEODOROS SHIM**

for the purpose of executing his scheme, knowingly transmitted and caused to be transmitted in
interstate commerce the wire communications described below:

| Count | Date | Execution of scheme |
|-------|------|---------------------|
| One | April 13, 2017 | Wire transfer of $10,000 from Church A's Capital Credit Union account, located in Wisconsin, to Shim's personal bank account located at Wells Fargo Bank, Colorado. |
| Two | April 18, 2017 | Wire transfer of $10,000 from Church A's Capital Credit Union account, located in Wisconsin, to Shim's personal bank account located at Wells Fargo Bank, Colorado. |
| Three | April 25, 2017 | Wire transfer of $5,000 from Church A's Capital Credit Union account, located in Wisconsin, to Shim's personal bank account located at Wells Fargo Bank, Colorado. |

All in violation of Title 18, United States Code, Section 1343.

3

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 1, 2017, in the State and Eastern District of Wisconsin, and elsewhere,

### THEODOROS SHIM

did unlawfully transport in interstate commerce from Wisconsin to Colorado, a cashier's check,

valued in excess of $5,000, knowing it to have been taken by fraud.

All in violation of Title 18, United States Code, Section 2314.

4

## FORFEITURE NOTICE

1.      Upon conviction of the offense(s) in violation of Title 18, United States Code, Section 1343, set forth in Counts 1-3 of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

The property to be forfeited includes:

a.      A sum of money equal to the proceeds derived from the offense(s).

2.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON
_____
Date        June 26, 2018

_____
MATTHEW D. KRUEGER
United States Attorney

5